HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WESTERN NATIONAL ASSURANCE COMPANY,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ROBERT WARGACKI,<br><br>　　　　　　Defendant. | CASE NO. #:13-cv-05373-RBL<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br>[DKT. #19] |

　　　THIS MATTER is before the Court on Plaintiff Western National Assurance Company's Motion for Summary Judgment (Dkt. #19). Western National insured Michael Erb[1] under a homeowner's insurance policy. The policy expressly and indisputably excludes coverage for damages resulting from criminal acts:

---

[1] Western National mistakenly refers to "Robert Erb," apparently mixing up Robert Wargacki and Michael Erb's names. Dkt. #19 at 1. To clarify, Michael Erb is the decedent insured. Robert Wargacki is Anne-Marie Wargacki's personal representative substitute administrator of Michael Erb's estate.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 1

> **Coverage L – Personal Liability** – 'We' pay, up to 'our' 'limit', all sums for which an 'insured' is liable by law because of 'bodily injury' or 'property damage' caused by an 'occurrence' to which this coverage applies. . . .

[Dkt. #1 at 3]

> 12. 'Occurrence' means an **accident**, including repeated exposures to similar conditions, that results in 'bodily injury' or 'property damage' during the policy period.

[*Id.*] (emphasis ours)

> **Exclusions That Apply to Coverages L and M** – This policy does not apply to:
> i. 'bodily injury' or 'property damage':
> 1) which is expected by, directed by, or intended by an 'insured';
> 2) that is the result of a criminal act of an 'insured'; or
> 3) that is the result of an intentional and malicious act by or at the direction of an 'insured'.

[*Id.*]

Erb shot and killed his girlfriend, Anne-Marie Wargacki, and took his own life moments later. Wargacki's estate[2] sued Erb's estate for wrongful death. Erb's estate tendered the defense of that claim to Western National, which denied coverage and refused to defend. Wargacki obtained a $7 million judgment and submitted a policy limits demand[3] to Western National for partial satisfaction of the judgment.

Western National initiated this Declaratory Judgment action, seeking a determination that its policy does not cover the damages Erb's estate is obligated to pay for Anne-Marie's death. It now seeks summary judgment on that issue. It claims that Anne-Marie's shooting was a criminal act and its policy excludes "criminal acts." Wargacki counters that the shooting may have been

---

[2] For clarity this Order will refer to the estate as 'Wargacki' and to the victim as "Anne-Marie."

[3] It is not clear whether Erb's estate had assigned its rights under the policy to Wargacki at the time this demand was made. In any event, the demand was denied.

accidental, and that the "criminal act" exclusion does not apply to mere negligence. Therefore, it claims, Western National is not entitled to a determination as a matter of law that its policy does not cover the shooting and the judgment. Because there is no genuine dispute that Ann-Marie's death was an excluded "criminal act," Western National's Motion for Summary Judgment[4] is GRANTED.

## I. BACKGROUND

The circumstances of this lawsuit are tragic. Michael Erb was apparently distressed about the direction his life was going; he had lost his job and was worried about his financial situation. Compounding Erb's financial woes, his girlfriend, Anne-Marie Wargacki, was several months pregnant. In June 2010, Erb shot Ann-Marie in the back of the head at close range with a .45 caliber pistol. She died instantly. Erb then turned the gun on himself, taking his own life. There were no witnesses. The Tacoma Police Department investigated the deaths and determined that Ann-Marie's death was a homicide.

Wargacki subsequently obtained a $7 million judgment against Erb's estate in Pierce County Superior Court. Western National did not defend the lawsuit or indemnify Erb's estate. Wargacki made a policy limits demand to Western National for partial satisfaction of the judgment, claiming that Erb's homeowner's policy covered Anne-Marie's death. Western National filed this declaratory action, asking the Court whether its policy covered Anne-Marie's death. The parties agree that Erb's insurance coverage does not apply to damages that result from a "criminal act" by the insured. *See* Dkt. #19 at 3. The parties' disagreement boils down to whether the criminal acts exclusion applies in this case.

---

[4] Wargacki has moved to amend its Answer to include counterclaims of bad faith and coverage by estoppel (Dkt. #29). This Order does not purport to address the Motion to Amend or the merits of the proposed bad faith counterclaim.

## II. DISCUSSION

Western National asks for Summary Judgment because, it argues, the undisputed facts show that Anne-Marie's shooting was an excluded criminal act, whether it was murder or manslaughter. Thus, it claims, its policy does not cover Anne-Marie's death. Wargacki argues that the shooting might have been accidental, and that coverage for a merely negligent killing is not excluded under the policy. *See* Dkt. #21.[5]

### A. Summary Judgment Standard.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

---

[5] Wargacki also objects to the Motion on other evidentiary and equitable grounds, but the Court does not address them because the undisputed facts and evidence alone are sufficient for the purpose of this ruling.

B.     The "Criminal Acts" Exclusion.

The Motion turns on whether the policy's "criminal act" exclusion applies: if it does, there is no coverage and the dispute ends. Western National argues that the "criminal acts" exclusion applies even if the shooting was an accident because, at a minimum, Erb's conduct was criminally negligent as a matter of law. Wargacki argues that criminal negligence is not a "serious enough" offense to trigger the exclusion, and claims that the shooting may have been an accident.

Under Washington law, if a person acting with criminal negligence shoots and kills another, that person is guilty of felony manslaughter. *See* RCW 9A.32.070. A person is criminally negligent if he "fails to be aware of a substantial risk that a wrongful act may occur and his or her failure to be aware of such substantial risk constitutes a gross deviation from the standard of care that a reasonable person would exercise in the same situation." RCW 9A.08.010(d). Accordingly, despite Wargacki's argument to the contrary, negligently shooting someone is a sufficiently serious criminal act for triggering a "criminal acts" clause. *See, e.g., Allstate Ins. Co. v. Peasley*, 131 Wn.2d 420, 423, 932 P.2d 1244 (1997) (holding that a "criminal acts" exclusion applied to a shooting even though the victim of the shooting agreed that it was accidental). The intent of the shooter is irrelevant as long as his conduct was objectively blameworthy. *Id.* at 429. And unprosecuted criminal conduct is nonetheless covered by "criminal acts" clauses. *Allstate Ins. Co. v. Raynor*, 143 Wn.2d 469, 476, 21 P.3d 707 (2001) ("No reasonable insurance purchaser would consider a criminal act somehow less criminal simply because a suicide or some other circumstance prevented its prosecution in a court of law."). In contrast to negligent or reckless shootings, "[f]or purposes of insurance coverage, an accident is 'an unusual, unexpected, and unforeseen happening.'" *Allstate Ins. Co. v. Bauer*, 96 Wn. App. 11, 15, 977 P.2d 617 (1999) (quoting *Grange Ins. Co. v. Brosseau*, 113 Wn.2d 91, 95, 776 P.2d 123 (1989).

Here, the undisputed facts show that regardless of his subjective intent Erb took a loaded gun, pointed it at Anne-Marie's head at close range, and pulled the trigger. This conduct can only be described as "a gross deviation from the standard of care that a reasonable person would exercise in the same situation." *See* RCW 9A.08.010(d). A reasonable person does not point a loaded gun at someone's head and pull the trigger. And no reasonable person could conclude that Erb's act was "an unusual, unexpected, and unforeseen happening" such that it was an "accident" in the insurance context. *See Brosseau,* 113 Wn.2d at 95. Even ignoring all the disputed evidence,[6] a reasonable trier of fact could only conclude that Erb's act was criminal—criminally negligent at least, murderous at most. No evidence, whether existing or discoverable, can change this fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Wargacki's suggestion that the shooting was an accident is pure speculation—Wargacki admits there is no way to determine exactly what happened, or why. The "criminal acts" exclusion in Erb's policy clearly applies to Anne-Marie's death. Western National's Motion for Summary Judgment is GRANTED.

Wargacki has moved to amend its Answer to include counterclaims of bad faith and coverage by estoppel (Dkt. #29). Wargacki claims that Western National acted in bad faith by refusing to defend the Superior Court lawsuit even though the pleading alleged negligence, which it claims is a covered occurrence. Western National has not yet responded to the Motion, but should.

---

[6] This includes documents showing that the Tacoma Police ruled the death a homicide; the common sense fact that the circumstances overwhelmingly suggest a murder-suicide; and that Wargacki itself suggested in the Superior Court trial that Erb murdered Anne-Marie because she was pregnant.

### III. CONCLUSION

Because the shooting was an excluded "criminal act," Western National's homeowner's policy did not cover it. Western National's Motion for Summary Judgment on this point is GRANTED.

Dated this 31st day of March, 2014.

                                  *Ronald B. Leighton*
                                  RONALD B. LEIGHTON
                                  UNITED STATES DISTRICT JUDGE